

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BETH NUNNELLEY &
CARRIE NUNNELLEY
   Plaintiffs,

vs.

SUNRISE CREDIT SERVICES, INC.
   Defendant,

Civil Action No.

CV 13 4300

BIANCO, J.

BROWN, M. J.

### VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, BETH NUNNELLEY & CARRIE NUNNELLEY, by and through their attorneys, the CONSUMER RIGHTS LAW FIRM, PLLC, and for their Complaint against the Defendant, SUNRISE CREDIT SERVICES, INC., Plaintiff states as follows:

### I. *INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiffs, Beth Nunnelley and Carrie Nunnelley, individual consumers, against Defendant, Sunrise Credit Services, Inc. for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. *JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Because Defendant conducts business in Eastern District of New York, personal jurisdiction is established.

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) in that the Defendant resides in this District pursuant to 28 U.S.C. § 1391(c).

### *III. PARTIES*

7. Plaintiff, Beth Nunnelley (hereinafter "Plaintiff Beth"), is an adult individual who was at all relevant times residing in Cedar, Leelanau County, Michigan 49621.

8. Plaintiff, Carrie Nunnelley (hereinafter "Plaintiff Carrie"), is an adult individual who was at all relevant times residing in Cedar, Leelanau County, Michigan 49621.

9. At all relevant times, Plaintiff were "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

10. Upon information and belief the Defendant, Sunrise Credit Services, Inc., (hereinafter "Defendant") is a business entity engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 260 Airport Plaza, Farmingdale, Nassau County, New York 11735.

11. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors, bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

15. At all relevant times, Defendant acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## *IV. FACTUAL ALLEGATIONS*

16. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

17. The alleged debt meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

18. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

19. In October of 2012, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff Beth and threatened to garnish Plaintiff's wages.

20. In November of 2012, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff Carrie and threatened to garnish Plaintiff's wages if Plaintiff Carrie did not make a payment of $160.

21. Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

22. Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

23. The representations made to Plaintiff by Defendant regarding garnishment were false.

24. In October of 2012, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff Beth and threatened to take legal action against Plaintiff.

25. In November of 2012, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff Carrie and threatened to take legal action against Plaintiff Carrie if Plaintiff Carrie did not make a payment of $160.00.

26. Defendant has no standing to commence legal proceedings on behalf of the creditor.

27. Defendant is a debt collection company and as a debt collection company attempting to collect an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings.

28. The representations made to Plaintiff by Defendant regarding legal proceedings were false.

29. The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiffs for their non-payment of the debt they allegedly owed.

30. The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

31. The natural consequences of Defendant's statements and actions were to cause Plaintiffs mental distress.

32. Defendant utilized unfair and unconscionable means to collect on an alleged debt, by lying to and misleading Plaintiffs.

## *SUMMARY*

33. All of the above-described collection communications made to Plaintiffs by Defendant and employees of Defendant Sunrise, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

34. The above-detailed conduct by Defendant of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

35. As a result of the acts alleged above, Defendant caused Plaintiffs to become very upset because of the aggressive manner in which this debt was collected by Defendant.

36. Plaintiffs suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, upset, embarrassment, amongst other negative emotions.

37. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of serve emotional distress on the part of Plaintiffs.

## *V. CAUSES OF ACTION*

### *COUNT I*
### *VIOLATIONS OF THE FDCPA- 15 U.S.C. § 1692, et seq.*

38. Plaintiffs repeats and realleges and incorporates by reference to the foregoing paragraphs.

39. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to the Plaintiffs:

   (a) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

   (b) Defendant violated *§1692d(2)* of the FDCPA by using obscene or profane language or language the natural consequences of which is to abuse the hear or reader in connection with the collection of an alleged debt; and

6

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(d) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(f) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(g) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

40. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

41. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiffs for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to one thousand dollars ($1,000.00) pursuant to 15 U.S.C. § 1692

(a)(2)(A) for each Plaintiff, and reasonable costs and attorney fees pursuant to 15 U.S.C. 15 § 1692k(a)(3), from Defendant herein.

## *COUNT II*
## *VIOLATIONS OF NEW YORK GBL § 349*
## *ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS*

42. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

43. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY CLS GBL § 349.

44. Defendant's willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY CLS GBL § 349.

45. Plaintiffs have suffered and continue to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by Defendant.

46. By virtue of the foregoing, Plaintiffs are entitled to injunctive relief enjoining Defendant from the unlawful acts and practices. NY CLS GBL § 349(h).

47. By virtue of the foregoing, Plaintiffs are entitled to recover actual damages, trebled, or fifty dollars ($50.00) each whichever is greater together with reasonable attorney fees. NY CLS GBL § 349(h).

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against each Defendant for the following:

A. Declaratory judgment Defendant's conduct violated the FDCPA.

B. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations for each Plaintiff.

C. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each Plaintiff.

D. Actual damages, trebled, or $50.00, whichever is greater, from Defendant pursuant to NY CLS GBL § 349(h) for each Plaintiff.

E. Injunctive relief enjoining Defendant from the unlawful acts and practices pursuant to NY CLS GBL § 349(h).

F. Costs and reasonable attorney fees from Defendant for Plaintiffs pursuant to 15 U.S.C. § 1692k(a)(3) and NY CLS GBL § 349(h).

G. Punitive damages in such amount as is found appropriate.

H. For Such other and further relief as the Court may deem just and proper.

## VII. *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiffs, Beth Nunnelley & Carrie Nunnelley, demands trial by jury in this action on all issues so triable. US Const. amend 7. Fed.R.Civ.P. 38.

|  |  |
|---|---|
| Dated: July 24, 2013 | RESPECTFULLY SUBMITTED,<br><br>Kevin J. Buckley, Jr., Esq.<br>Attorney for Plaintiffs<br>NYED Bar: KB5090<br>Consumer Rights Law Firm, PLLC<br>300 Brickstone Square, Suite 902<br>Andover, MA 01810<br>Telephone: (978) 212-3300<br>Facsimile: (888) 712-4458<br>attorneykevinb@consumerlawfirmcenter.com |